ROB PHILLIPS, ESQ.
California Bar No. 175254
FisherBroyles, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel. (702) 518-1239
rob.phillips@fisherbroyles.com

Ryan Gile, Esq
California Bar No. 192802.
GILE LAW GROUP, LTD.
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288
rg@gilelawgroup.com

*Attorneys for Plaintiff/Counter-Defendant
Aim High Investment Group, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SPECTRUM LABORATORIES, LLC, <br><br> Defendant/Counterclaimant. | Case: <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM** |

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Plaintiff AIM HIGH INVESTMENT GROUP, LLC ("Plaintiff") hereby seeks an order compelling a response to its subpoenas duces tecum served upon Element Santa Fe Springs ("Element") and S & N Labs ("S & N") concerning their testing of Plaintiff's laboratory made urine product sold under the name "XStream" that is at issue in this litigation.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENAS

1

This Motion is made and based upon the Memorandum of Points and Authorities below, the Declaration of Plaintiff's attorney, Ryan Gile, Esq., attached hereto as **Exhibit 1** ("Gile Decl."), as well as the papers and pleadings on file, and the arguments of counsel at the hearing on this Motion. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 10, 2022.

Dated: July 20, 2022

Respectfully Submitted,

**FISHERBROYLES, LLP**

*/s/ Rob L. Phillips*
Rob L. Phillips, Esq.
SBN 175354
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel. (702) 518-1239
rob.phillips@fisherbroyles.com

**GILE LAW GROUP, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq.
California Bar No. 192802
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 703-7288
rg@gilelawgroup.com

*Attorney for Plaintiff/Counter-Defendant
Aim High Investment Group, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The litigation giving rise to this motion is a declaratory relief action (re: patent invalidity and non-infringement) pending in the United States District Court for the District of Nevada, *Aim High Investment Group, LLC v. Spectrum Laboratories*, LLC, Case No. 2:22-cv-00158-GMN-DJA (the "Nevada Action") filed on January 28, 2022.

In pre-litigation correspondence, Defendant Spectrum Laboratories, LLC ("Spectrum") voluntarily disclosed laboratory test results from Element and S & N to Plaintiff's counsel regarding Plaintiff's laboratory-made urine product *XStream*, purporting to demonstrate Plaintiff's infringement of Spectrum's U.S. Patent Nos. 7,192,776 and 9,128,105 (the "Patents-in-Suit"). On May 13, 2022 – at the beginning of discovery in this matter – Spectrum expressly referenced the Element lab report as a document Spectrum was relying upon to support its claims. On May 13 and May 16, 2022, Plaintiff served a *subpoena duces tecum* on Element and S & N, respectively, seeking all documents and communications regarding their testing of Plaintiff's *XStream* product. Prior to this date, Spectrum's counsel had never indicated that it was representing either Element or S & N. Conveniently, however, following Plaintiff's service of third-party subpoenas on Element and S & N, both Element and S & N, *by and through Spectrum's own counsel*, have objected to

Plaintiff's subpoenas and are refusing to produce *any* documentation unless and until these labs are disclosed as experts in this case. For the reasons described herein, the discovery sought by Plaintiff's subpoenas are relevant and narrowly tailored and both Element and S & N should be ordered by this Court to comply.

## II. FACTUAL BACKGROUND

1. On January 8, 2021, Spectrum disclosed to Plaintiff's counsel laboratory test results from S & N regarding Plaintiff's *XStream* product, purporting to demonstrate Plaintiff's infringement of the Patents-in-Suit. *See* **Exhibit 1**, Gile Decl., at ¶ 2; *see also* **Exhibit 2** attached hereto.[1]

2. On October 11, 2021, Spectrum also disclosed to Plaintiff's counsel laboratory test results from a second lab, Element, again regarding Plaintiff's *XStream* product, purporting to further demonstrate Plaintiff's infringement of the Patents-in-Suit. *Id.*, at ¶ 3; *see also* **Exhibit 3** attached hereto.[2]

3. On January 28, 2022, Plaintiff filed the Complaint in the Nevada Action, seeking *inter alia* a declaratory judgment of non-infringement as it relates to its *XStream* product and the Patents-in-Suit. *Id.*, at ¶ 4.

4. Pursuant to the stipulated scheduling order in the Nevada Action, the discovery cut-off is February 1, 2023.

---

[1] Exhibit 2 hereto was filed by Defendant without any request to seal in the Nevada Action and, although marked confidential, is no longer confidential.
[2] Exhibit 3 hereto was filed by Defendant without any request to seal in the Nevada Action and, although marked confidential, is no longer confidential.

**FISHERBROYLES, LLP**
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Telephone: (702) 518-1239

5. On May 16, 2022, Plaintiff served a subpoena duces tecum on Element Santa Fe Springs of Santa Fe, California ("Element") seeking all documents and communications regarding their testing of Plaintiff's *XStream* product. *Id.*, at ¶ 6; *see also* **Exhibit 4** attached hereto.

6. On May 27, 2022, Element served an objection letter by and through counsel also representing Defendant Spectrum in the Nevada Action. *Id.*, at ¶ 7; *see also* **Exhibit 5** attached hereto.

7. Element's position is that it is a non-testifying, consulting expert protected from discovery under Fed. R. Civ. P. 26(b)(4). *Id.*, at ¶ 8.

8. On May 31, 2022, Plaintiff's counsel responded to Element's objections and requested that the parties meet and confer to discuss the discovery dispute. *Id.*, at ¶ 9; *see also* **Exhibit 6** attached hereto.

9. Notably, on May 13, 2022, Spectrum listed the Element report in their initial disclosures. *Id.*, at ¶ 10; *see also* **Exhibit 7** attached hereto.

10. Likewise, on May 16, 2022, Plaintiff also served a subpoena duces tecum on S & N Labs of Santa Ana, California ("S & N") seeking all documents and communications regarding their testing of Plaintiff's *XStream* product. *Id.*, at ¶ 11; *see also* **Exhibit 8** attached hereto.

11. S & N's position is identical to Element's, asserting that it is a non-testifying, consulting expert protected from discovery under Fed. R. Civ. P. 26(b)(4).

*Id.*, at ¶ 12; **Exhibit 9**.

12. On Friday, June 10, 2022, the parties, through counsel, conducted a meet and confer teleconference to discuss Plaintiff's subpoenas and <u>both</u> Element's and S & N's objections. Despite a good faith effort, the parties could not come to a resolution regarding the production of the subpoenaed information, and thus necessitating this Court's intervention and the filing of this Motion.³ *Id.*, at ¶¶ 13-15.

### III.  LEGAL ARGUMENT
#### A. Legal Standard

Federal Rule of Civil Procedure 45 governs subpoenas. Rule 45 provides that a party may command a non-party to produce documents in that person's possession, custody, or control by way of a subpoena. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1). Rule 26(b)(1) allows a party to obtain information that is relevant to any claim or defense, proportional to the needs of the case, and non-privileged. Fed. R. Civ. P. 26(b)(1). A party resisting discovery may, however, serve objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B). The party seeking discovery may then move for an order compelling production of the documents sought. Fed. R. Civ. P. 45(d)(2)(B)(i). The court may order the person to

---

³ On June 24, 2022, Plaintiff filed a Motion to Compel Responses to these Subpoenas Duces Tecum in the Nevada District Court. Plaintiff intends to withdraw that Motion in favor of filing the Motion in the Central District of California based on the location of the subpoenaed third parties at issue.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENAS

6

comply with the subpoena but must protect a non-party from significant expense resulting from compliance. Fed. R. Civ. P. 45(d)(2)(B)(ii). The Federal Rules of Civil Procedure give district courts broad discretion to manage the manner in which discovery proceeds. *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co., Ltd., No*. C 07-5248 JW (PVT), 2008 WL 183520, at *1 (N.D. Cal. Jan. 18, 2008).

A motion to compel is entrusted to the sound discretion of the district court, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[b]road discretion is vested in the trial court to permit or deny discovery"); *Cal. Dept. of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008) ("discovery is ordinarily reviewed for abuse of discretion").

**B. Element and S & N Must Each Produce the Requested Documentation**

Neither Element nor S & N (nor Spectrum, for that matter) is the arbiter of Plaintiff's discovery – that is the role of the Court. The Federal Rules of Civil Procedure expressly provide for the discovery Plaintiff is seeking, and the notion that Plaintiff must await Spectrum's expert disclosure to obtain relevant and proportional third-party discovery from Element and/or S & N has already been rejected in this jurisdiction.

Delaying discovery answers would contravene the federal rules' purpose,

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENAS

7

which is 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" Fed. R. Civ. P. 1.

Here, Plaintiff is seeking patently relevant documents, communications, and information related to Spectrum's pre-litigation laboratory testing of Plaintiff's *XStream* product. There is no dispute that Element and S & N each tested the *XStream* product now at issue nor that Spectrum voluntarily disclosed the laboratory test results from both Element and S & N to Plaintiff's counsel, thereby putting the so-called "non-testifying consulting expert's" opinions, documents, communications, and information at issue and, accordingly, rendering them subject to discovery.

First, Plaintiff's *subpoenas duces tecum* seek relevant information that is otherwise proportional to the needs of this case.  It is well established that the scope of discovery for Rule 45 subpoenas is the same as that allowed under Rule 26. *Fujikura Ltd. v. Finisar Corp.*, Case No. 15-mc-80110-HRL (JSC) (N.D. Cal. May. 14, 2015).  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b).  And in this case, Plaintiff's *XStream* product is at issue and Spectrum voluntarily disclosed the aforementioned laboratory test results from Element and S & N purporting to demonstrate Plaintiff's patent infringement. Indeed, Spectrum even listed the Element report in its initial disclosures.  Moreover,

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENAS

8

inasmuch as the Federal Rules of Civil Procedure expressly allow, provide for, and contemplate discovery from third parties such as Element and S & N, pursuant to Rule 45, the subpoena is facially proportional.

Second, as to the litany of "General objections" raised by Element and S & N, such boilerplate objections are improper and tantamount to making no objection at all. *Moser v. Holland*, No. 2:14-CV-02188, 2016 WL 426670, at *1, 3 (E.D. Cal. Feb. 4, 2016), *Kristensen v. Credit Payment Services, Inc.*, 2014 WL 6675748, at *4 (D. Nev. Nov. 25, 2014) (citing *St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000) (collecting cases and sanctioning a lawyer for using boilerplate objections in response to requests for production of documents)).

Third, as to the position taken by Element and S & N that they are not subject to discovery because they are so-called "non-testifying, consulting experts" under Fed. R. Civ. P. 26(b)(4), it is well-established that a so-called "non-testifying consulting expert's" opinions are discoverable if the opinions are voluntarily disclosed. *See, e.g., Atari Corp. v. Sega of Am.*, 161 F.R.D. 417, 418-20 (N.D. Cal. 1994); *Lexington Luminance LLC v. Feit Elec. Co.*, No. CV 18-10513-PSG (KSx), 2020 U.S. Dist. LEXIS 255931, at *28 (C.D. Cal. June 12, 2020 ("…by disclosing SEM images and EDX measurements in the FAC, Lexington put this data "at issue" and thereby waived work product protections for those materials."). And as noted,

Spectrum voluntarily disclosed both Element's and S & N's laboratory test results to Plaintiff's counsel as evidence of Plaintiff's alleged patent infringement, thereby putting the so-called "non-testifying, consulting expert's" opinions, documents, communications, and information related to Plaintiff's *XStream* product into issue and, accordingly, waiving any protections from disclosure afforded to non-testifying experts and plainly rendering them subject to discovery. Spectrum even listed the Element report as part of its initial disclosures.

Fourth, as to Element's and S & N's "Specific Objections" #1(B), 2(B), and 3(B) (i.e., that the subpoenas are "overly broad, irrelevant, unduly burdensome, and disproportionate"), Element and S & N have failed to make any showing whatsoever to sustain any of the would-be objections that are merely recited in the form of legal buzz words. The applicable Rules require a responding party to specifically detail the reasons why each request is objectionable, which they failed to do. *Moser v. Holland*, No. 2:14-CV-02188, 2016 WL 426670, at *1, 3 (E.D. Cal. Feb. 4, 2016); *Painters Joint Comm. v. JL. Wallco, Inc.*, No. 2:10-CV-1385-JCM-PAL, 2011WL5854714 (D. Nev. Nov. 21, 2011) (an objecting party must specifically detail the reasons why each request is objectionable); *Prado Guajardo v. Perez*, No. 2:16-CV-00546-GMN-VCF, 2017 WL 3130420, at *2 (D. Nev. July 24, 2017) ("Boilerplate, generalized objections are inadequate and tantamount to making no objection at all."); *Mitschke v. Gosa! Trucking, Ltd.*, No. 2:14-CV-1099-JCM-VCF,

2016 WL 8732417, at * 1 (D. Nev. Jan. 22, 2016) ("boilerplate objections are disfavored, 'especially when a party fails to submit any evidentiary declarations supporting such declaration.'" (citation omitted)).

Fifth, and lastly, there is no cognizable counterargument that Spectrum's disclosure of the Element and S & N's lab reports as "confidential" somehow provides an exception to the foregoing authorities compelling Element's and S & N's responses to Plaintiff's subpoena. The *Atari* case cited above specifically holds that neither the confidentiality designation nor FRE 408 disclaimer provide any preservation when such work product is disclosed to the adversary. *See Atari Corp. v. Sega of Am.*, 161 F.R.D. 417, 420 (N.D. Cal. 1994)) ("Waiver of a privilege may occur by voluntary disclosure to an adverse party during settlement negotiations, despite any agreement between the parties to keep the information confidential.") (citing *In re Chrysler Motors Corp. v. Overnight Evaluation Program Litigation*, 860 F.2d 844, 847 (8th Cir. 1988) (work product privilege of computer tape produced during settlement negotiation waived despite agreement that it was confidential work product and did not constitute a waiver); *Khandji v. Keystone Resorts Management, Inc.*, 140 F.R.D. 697, 699 (D. Co. 1992); *Chubb Integrated Systems Ltd. v. National Bank*, 103 F.R.D. 52, 67 (D.D.C. 1984); *Grumman Aerospace Corp. v. Titanium Metals Corp. of Amer.*, 91 F.R.D. 84, 90 (E.D.N.Y. 1981)). As these authorities make clear, the purpose of the work-product protection

for non-testifying, consulting experts is to keep the information exchanged by and between the party and its consultant out of the hands of the adversary pending litigation, and there is no longer any basis for that protection once it is disclosed to said adversary, as in this case.

## IV.   CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests a) an order compelling a response to its subpoena duces tecum served upon Element Santa Fe Springs seeking Element's documents, communications, and information related to the Element Job No. 249067 in which Element conducted the testing of the *XStream* product at issue or b) an order compelling a response to its subpoena duces tecum served upon S & N seeking S & N's documents, communications, and information related to the S & N Job No. 23977 in which S & N conducted the testing of the *XStream* product at issue.

Dated: July 20, 2022

Respectfully Submitted,

**FISHERBROYLES, LLP**

*/s/ Rob L. Phillips*
Rob L. Phillips, Esq.
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel. (702) 518-1239
rob.phillips@fisherbroyles.com

**GILE LAW GROUP, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENAS

12

1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 703-7288
rg@gilelawgroup.com

*Attorney for Plaintiff/Counter-Defendant
Aim High Investment Group, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2022, I served a full, true and correct copy of the foregoing **MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM** via first class mail on the following parties:

Element Santa Fe Springs
9240 Santa Fe Springs Road
Santa Fe, CA 90670

S&N Labs
2021 E. Fourth Street, Suite 112
Santa Ana, CA 92705

*/s/ Rob L. Phillips*
Employee, FisherBroyles, LLP

I hereby certify that on July 20, 2022, I served a full, true and correct copy of the foregoing **MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM** via email on the following parties:

NICHOLAS J. SANTORO, ESQ.
JASON D. SMITH, ESQ.
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Tel.: (702) 948-8771 / Fax: (702) 948-8773
email: nsantoro@santoronevada.com; jsmith@santoronevada.com

DAVID B. CUPAR, ESQ.
(Pro Hac Vice application forthcoming)
MATTHEW J. CAVANAGH, ESQ.
(Pro Hac Vice application forthcoming)
MCDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Tel.: (216) 348-5730; Fax: (216) 348-5474
email: dcupar@mcdonaldhopkins.com; mcavanagh@mcdonaldhopkins.com

*Attorneys for Defendant/Counterclaimant*
*Spectrum Laboratories, LLC*

*/s/ Rob L. Phillips*
Employee, FisherBroyles, LLP

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO SUBPOENAS

14