ROB PHILLIPS, ESQ.
California Bar No. 175254
FisherBroyles, LLP
145 South Fairfax Ave., Floor 2
Los Angeles, CA 90036
Tel. (702) 518-1239
rob.phillips@fisherbroyles.com

Ryan Gile, Esq
California Bar No. 192802
GILE LAW GROUP, LTD.
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288
rg@gilelawgroup.com

*Attorneys for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| AIM HIGH INVESTMENT GROUP, LLC,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>SPECTRUM LABORATORIES, LLC,<br><br>    Defendant/Counterclaimant. | Case:  8:22-mc-00011-DOC-ADS<br><br>**PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM (ECF NO. 20)**<br><br>**Hearing Date:  December 5, 2022**<br>**Hearing Time:  8:30 am**<br>**Room:          10A** |

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), Plaintiff AIM HIGH INVESTMENT GROUP, LLC ("Aim High" or "Plaintiff") respectfully objects to the Order denying Plaintiff's Motion to Compel Responses to Subpoena (ECF No. 20) (the "Order").

This Objection is made and based upon the Memorandum of Points and Authorities below, the Declaration of Plaintiff's attorney, Ryan Gile, Esq., attached

FISHERBROYLES, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

1

hereto as **Exhibit 1** ("Gile Decl."), as well as the papers and pleadings on file, and the arguments of counsel at any hearing on this Objection.

Dated: November 3, 2022

Respectfully Submitted,

**FISHERBROYLES, LLP**

*/s/ Rob L. Phillips*
Rob L. Phillips, Esq., SBN175354
145 South Fairfax Ave., Floor 2
Los Angeles, CA 90036
Tel. (702) 518-1239
rob.phillips@fisherbroyles.com

**GILE LAW GROUP, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq., SBN 192802
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 703-7288
rg@gilelawgroup.com

*Attorney for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

**Table of Contents**

INTRODUCTION ........................................................................................ 1

RELEVANT FACTUAL BACKGROUND ................................................. 2

LEGAL STANDARD .............................................................................. 4

LEGAL ARGUMENT .............................................................................. 7

CONCLUSION ........................................................................................ 12

**FisherBroyles, LLP**
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

i

**Table of Authorities**

**Cases**

*Animal Legal Def. Fund v. Olympic Game Farm, Inc*., 335 F.R.D. 404, 405 (N.D. Cal. 2020) ................................................................................................11

*Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co., Ltd., No.* C 07-5248 JW (PVT), 2008 WL 183520, at *1 (N.D. Cal. Jan. 18, 2008) ...........................................................................................................9

*Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) ...............................15

*Cal. Dept. of Soc. Servs. v. Leavitt*, 523 F.3d 1025 (9th Cir. 2008) ........9

*Hallett v. Morgan*, 296 F.3d 732 (9th Cir. 2002) ....................................9

*Hollinger Int'l Inc. v. Hollinger Inc*., 230 F.R.D. 508 (N.D. Ill. 2005) .................10

*Laub v. Horbaczewski*, 331 F.R.D. 516 (C.D. Cal. 2019)........................10

*Lewis v. Ayers*, 681 F.3d 992 (9th Cir. 2012) .........................................8

*U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 617 (N.D. Cal. 2010) ...............................................................................11

*United States v. McGraw-Hill Cos., Inc*., No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014) ........................................10

*Walnut Creek Manor, LLC v. Mayhew Ctr., LLC*, No. CV 08-6877-AHM(CTx), 2008 WL 11338242, at *2 ...............................................................10

*Walnut Creek Manor, LLC v. Mayhew Ctr., LLC*, No. CV 08-6877-AHM(CTx), 2008 WL 11338242, at *2 (C.D. Cal. Nov. 14, 2008) ..............................10

**Statutes**

28 U.S.C. § 636(b)(1)(A) ..........................................................................8

**Rules**

Fed. R. Civ. P. 26(b)(1) .......................................................................9, 10

Fed. R. Civ. P. 26(b)(4)(B) ......................................................................10

Fed. R. Civ. P. 26(b)(4)(D)(i)-(ii)........................................................10, 13

Fed. R. Civ. P. 37(a)(3)(B)(iv) ................................................................10

Fed. R. Civ. P. 45.....................................................................................10

Fed. R. Civ. P. 45(a)(1)(A)(iii) ................................................................9

FISHERBROYLES, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

ii

Fed. R. Civ. P. 45(d)(2)(B) ............................................................9

Fed. R. Civ. P. 45(d)(2)(B)(i) ........................................................9

Fed. R. Civ. P. 72(a) .....................................................................8

Fed. R. Civ. P. 26(b)(4)(D)...............................................10, 11, 12

**FisherBroyles, LLP**
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

## I.     INTRODUCTION

Aim High Investment Group, LLC ("Aim High"), filed a motion with this Court seeking an order compelling a response to its subpoenas duces tecum served upon Element Santa Fe Springs ("Element") and S & N Labs ("S & N") concerning their testing of Aim High's laboratory made urine product sold under the name "XStream" that is at issue in the pending Nevada litigation identified herein.  *See* ECF No. 1.

The litigation giving rise to Aim High's Motion is a patent infringement case pending in the United States District Court for the District of Nevada, *Aim High Investment Group, LLC v. Spectrum Laboratories*, LLC, Case No. 2:22-cv-00158-GMN-DJA (the "Nevada Action") filed on January 28, 2022.  The lawsuit was initially filed by Aim High against Spectrum Laboratories LLC ("Defendant" or "Spectrum Labs") seeking declaratory relief of patent non-infringement and invalidity; however, Defendant filed counterclaims against Aim High for patent infringement – and notably, in connection with its claims of patent infringement, expressly cited a laboratory test performed by Element in its claim charts.

Aim High's subpoenas sought discovery of information relevant to Spectrum's counterclaims which clearly cited the Element lab test as a basis for its claims of patent infringement.  However, in objecting to Aim High's subpoena of Element, Spectrum Labs now characterizes the Element lab report as "non-testifying expert discovery" in order to claim privilege and prevent Aim High from seeking relevant information regarding the Element lab test that Spectrum Lab acknowledges

FisherBroyles, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

in its pleadings is the sole basis for its claims of patent infringement. The Magistrate Judge denied Aim High's Motion on the basis that such documents were privileged and that such privilege had not been waived by Spectrum Labs' actions.

Aim High respectfully submits that the Order denying Aim High's Motion was clearly erroneous and contrary to the law and that this Court should order Element to respond to requests Nos. 1 to 5 of Plaintiff's subpoena to Element.[1]

## II.   RELEVANT FACTUAL BACKGROUND

On January 28, 2022, Aim High filed a Complaint in the Nevada Action, seeking *inter alia* a declaratory judgment of non-infringement as it relates to its *XStream* product and the Patents-in-Suit. (Gile Decl. at ¶2).

On March 14, 2022, Spectrum Labs filed its Answer to Aim High's Complaint along with counterclaims for patent infringement. ("Counterclaim"). (Gile Decl. at ¶2). Copy attached hereto as **Exhibit 2**. Notably, Spectrum Labs' Counterclaim sets forth claim charts that expressly cite the lab testing performed by Element as Spectrum Labs' basis for showing that Aim High's *XStream* product infringes Spectrum Labs' patents. For example,

> **lab testing provided by Spectrum to Aim High on Oct. 11, 2021, proves** *XStream* has at least one biocide, namely methylisothiazolinone; and the concentrations of biocide relative to

---

[1] Aim High is only objecting to that portion of the Magistrate's Order that denies compelled responses to Aim High's subpoena directed to Element relating to Aim High's requests for documents, communications, and information relating to Element's testing of *XStream*. Aim High's objection to the Magistrate's Order does not extend to Aim High's subpoena directed to S & N nor to those document requests in the Element subpoena relating to testing of third-party urine products (request Nos. 6 and 7). Moreover, with respect to requests 1 to 5, Aim High is only seeking the documents, communications, and information which were relied upon by Element in connection with the lab testing it conducted as reflected in the Element lab report.

FISHER BROYLES, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

creatinine minimize sepsis as demonstrated at least by the product not spoiling on store shelves or elsewhere.

. . .

**Lab testing provided by Spectrum to Aim High on Oct. 11, 2021, proves** *XStream* has at least one of the claimed biocides, namely methylisothiazolinone, which is an isothiazolinone.

*See* Counterclaim at pp. 8 - 9 (Claim Charts for '653 Patent and '105 Patent) (emphasis added).

Moreover, on May 13, 2022, Spectrum Labs served its initial disclosures in the Nevada Action and expressly identified the Element report as one of the documents "that it presently believes in good faith that it may use to support its claims or defenses." (Gile Decl. at ¶3). *See* **Exhibit 3** attached hereto.

On May 16, 2022, Aim High served a subpoena duces tecum on Element seeking all documents and communications regarding their testing of Aim High's *XStream* product. (Gile Decl. at ¶4). S*ee* **Exhibit 4** attached hereto.

On May 27, 2022, Element served an objection letter by and through its counsel that also represents Spectrum Labs in the Nevada Action. (Gile Decl. at ¶4). S*ee* **Exhibit 5** attached hereto.  Element's position is that the requests relate to a non-testifying, consulting expert and are protected from discovery under Fed. R. Civ. P. 26(b)(4). (Gile Decl. at ¶4).

On May 31, 2022, Plaintiff's counsel responded to Element's objections and requested that the parties meet and confer to discuss the discovery dispute. (Gile Decl. at ¶5). S*ee* **Exhibit 6** attached hereto.

On Friday, June 10, 2022, the parties, through counsel, conducted a meet and confer teleconference to discuss Aim High's subpoena and Element's objections.

3

(Gile Decl. at ¶5).  Despite a good faith effort, the parties could not come to a resolution regarding the production of the subpoenaed information, and thus necessitating this Court's intervention and the filing of the Motion. (Gile Decl. at ¶5).

On July 20, 2022, Aim High filed its motion to compel responses to its subpoena. (Gile Decl. at ¶6). *See* ECF No. 1.  On October 20, 2022, the Court issued its Order denying Aim High's motion to compel. (Gile Decl. at ¶6). *See* ECF No. 20, a copy of which is attached hereto as **<u>Exhibit 7</u>**.

Aim High now timely objects to that portion of the Magistrate's Order denying Aim High's subpoena directed to Element and relating to Aim High's requests for documents, communications, and information relating to Element's testing of XStream, namely request Nos. 1-5.

### III.    LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"Clear error is found when a reviewing court has a definite and firm conviction that a mistake has been committed."  *Lewis v. Ayers*, 681 F.3d 992, 998 (9th Cir. 2012) (quotation and citation omitted).  Under this standard, if the magistrate judge's findings "are plausible in light of the entire record, [the Court] may not reverse, even if [the Court] would have weighed the evidence differently."

FISHERBROYLES, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

4

*Id.*

Here, the Magistrate Judge's Order is "clearly erroneous and contrary to law" in that the Court denied Aim High's Motion on the erroneous conclusion that the Element report was only disclosed in pre-litigation correspondence when the facts show that the Element report was expressly relied upon by Spectrum Labs in its pleadings in the Nevada Action as well as referenced in Spectrum Labs' own initial disclosures in the Nevada Action.

Federal Rule of Civil Procedure 45 governs subpoenas. Rule 45 provides that a party may command a non-party to produce documents in that person's possession, custody, or control by way of a subpoena. Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1).  Rule 26(b)(1) allows a party to obtain information that is relevant to any claim or defense, proportional to the needs of the case, and non-privileged. Fed. R. Civ. P. 26(b)(1).  A party resisting discovery may, however, serve objections to the subpoena. Fed. R. Civ. P. 45(d)(2)(B).  The party seeking discovery may then move for an order compelling production of the documents sought. Fed. R. Civ. P. 45(d)(2)(B)(i).  The court may order the person to comply with the subpoena but must protect a non-party from significant expense resulting from compliance. Fed. R. Civ. P. 45(d)(2)(B)(ii).  The Federal Rules of Civil Procedure give district courts broad discretion to manage the manner in which discovery proceeds. *Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co., Ltd., No*. C 07-5248 JW (PVT), 2008 WL 183520, at *1 (N.D. Cal. Jan. 18, 2008).

A motion to compel is entrusted to the sound discretion of the district court, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[b]road discretion is vested in the trial court to permit or deny discovery"); *Cal. Dept. of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008) ("discovery is ordinarily reviewed for abuse of discretion").

A party may subpoena documents from a non-party that are relevant to any party's claim or defense. See Fed. R. Civ. P. 26(b)(1), 45(a)(1)(C); see also Fed. R. Civ. P. 45 advisory committee's note to 1945 amendment to Subdivision (d) (noting the scope of discovery under Rule 45 is the same as that permitted under Rule 26). If a non-party fails to produce responsive documents, the subpoenaing party may move to compel its production. Fed. R. Civ. P. 37(a)(3)(B)(iv). On a motion to compel discovery, the moving party carries the "initial burden of demonstrating relevance." *United States v. McGraw-Hill Cos., Inc.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Once relevance has been shown, the party resisting discovery bears the burden to show discovery should be disallowed and to support any objections. *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019).

Rule 26(b)(4)(D) generally prohibits a party from discovering facts known or opinions held by a non-testifying expert that was prepared in anticipation of trial. This rule was designed "to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." *Walnut Creek Manor, LLC v. Mayhew Ctr., LLC*, No. CV 08-6877-AHM(CTx), 2008 WL 11338242, at *2 (C.D. Cal. Nov.

FISHERBROYLES, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

6

14, 2008) (quoting *Hollinger Int'l Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 519 (N.D. Ill. 2005)); <u>see also</u> Fed. R. Civ. P. 26(b)(4)(B) advisory committee's note to 1970 amendment. In other words, it would be unfair to allow a party to reap the benefits of another party's efforts and expense in anticipation of a trial.

With fairness in mind, a party may obtain non-testifying expert discovery only as allowed under Rule 35(b) or under exceptional circumstances. Fed. R. Civ. P. 26(b)(4)(D)(i)-(ii). "The party asserting the privilege has the burden of showing that the protection applies." *Animal Legal Def. Fund v. Olympic Game Farm, Inc*., 335 F.R.D. 404, 405 (N.D. Cal. 2020). After showing that the privilege applies, the party seeking production of documents carries a "heavy burden of proving exceptional circumstances" and the burden of proving waiver of protection under Rule 26(b)(4)(D). *Id*. (citing *U.S. Inspection Servs., Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 617 (N.D. Cal. 2010)).

## IV.   LEGAL ARGUMENT

As a preliminary matter, the Magistrate Judge's Order states that "Nor do the parties dispute that Aim High has failed to establish that exceptional circumstances exist to justify production of the requested documents." Order at page 5. Aim High takes issue with such characterization. As detailed in this Objection, the circumstances are indeed exceptional justifying the production of the requested documents. Most notably, Spectrum Labs has expressly relied upon the subject Element lab test as part of the very basis for its claims of patent infringement by Aim High. Yet, to date, Spectrum Labs has not produced any evidence in the Nevada Action to support its claims that Aim High's product infringes Spectrum Labs'

7

FisherBroyles, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

patents *other than* the Element lab test.  Nonetheless, despite expressly relying upon such testing, Spectrum Labs now wants to prevent Aim High from seeking relevant discovery regarding the Element test on the basis that such tests are privileged as non-testifying expert information.

The Magistrate Judge's Order goes on to state "Aim High argues Spectrum Labs waived all protection under Rule 26(b)(4)(D) because the latter disclosed the non-testifying experts' test results during their pre-litigation discussions." Order at page 5.  Again, while Spectrum Labs' disclosure during pre-litigation discussions was part of Aim High's argument for why Spectrum Labs had waived any protection under Rule 26(b)(4)(D), it was not the sole basis of Aim High's argument relative to the Element report.  As detailed above, Spectrum Labs has expressly relied upon the Element report as its purported good faith basis for alleging patent infringement in its Counterclaim against Aim High.  Spectrum Labs also subsequently cited the Element report in its initial disclosures as a document it may rely upon at trial.  These facts demonstrating a clear waiver by Spectrum Labs relative to the Element report were erroneously overlooked by the Magistrate Judge.

The Magistrate Judge's Order describes Aim High's argument as follows: "Aim High argues disclosure is justified because Defendant Spectrum Laboratories, LLC ("Spectrum Labs") waived all protections under Federal Rule of Civil Procedure (b)(4)(D) when it partially disclosed their test results during pre-litigation discussions."  Order at page 1.  The following is the crux of the Magistrate Judge's Order denying Plaintiff's Motion:

FisherBroyles, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

8

1
2
3
4
5
6
7
8
9

FisherBroyles, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> Given the circumstances giving rise to the partial disclosure of S&N and Element's testing, the Court finds fairness does not justify a waiver protection under Rule 26(b)(4)(D). . . . After receiving S&N's results, Aim High questioned the validity of the results and suggested that Aim High test XStream again. In response, Spectrum Labs produced Element's test results. **It would belie fairness to allow Aim High to benefit from obtaining all records pertaining to S&N and Element's testing after Aim High induced Spectrum Labs into producing evidence to support its claim of infringement during pre-litigation discussions**. Disclosure under these circumstances would violate the very purpose of Rule 26(b)(4)(D). The sought after documents are not discovery because they are irrelevant or protected from production pursuant to Rule 26(b)(4)(D).

Order at page 6 (emphasis added). The Magistrate Judge's decision clearly focused on the fact that the Element lab report was evidence produced "during pre-litigation discussions" – and clearly overlooked that with respect to the Element lab report, Spectrum Labs expressly relied upon such report as a basis for its claims of patent infringement – both in Spectrum Labs' counterclaims as well as its initial disclosures submitted in the Nevada Action. As shown above, the Element report was not only disclosed during pre-litigation discussions, but it has also since been *expressly* relied upon by Spectrum Labs as its sole good faith basis for bringing a claim of patent infringement against Aim High. Spectrum Labs did not waive its privilege over the Element report during pre-litigation discussions; rather, it clearly waived the privilege when it later in the Nevada action expressly cited the Element report as its primary and sole basis and source for claiming that Aim High infringed upon the patents at issue in Spectrum Labs' Counterclaim submitted in the Nevada Action along with Spectrum Labs' initial disclosures in the Nevada Action.

As noted in the Magistrate Judge's Order, "**With fairness in mind**, a party may obtain non-testifying expert discovery only as allowed under Rule 35(b) or under exceptional circumstances. Fed. R. Civ. P. 26(b)(4)(D)(i)-(ii)." Order at page 4 (emphasis added).  This is a matter of fairness – fairness to Aim High.  Other than the Element lab test, Spectrum Labs has not produced any evidence in the Nevada Action that Aim High has infringed Spectrum Labs' patents.  And now that Aim High seeks to take relevant discovery on the Element lab test, Spectrum Labs wishes to disavow such test and states that it will produce evidence of Aim High's patent infringement at a later date when the deadline for expert disclosures arrives – a date which is at least 5 months away.

If Spectrum Labs wants to disavow the Element lab test in order to prevent Aim High from seeking discovery, Spectrum Labs should withdraw such reference from its pleadings and from its initial disclosures.  Of course, for purposes of Rule 11, that begs the question of what Spectrum Labs' good faith basis was for bringing claims of patent infringement against Aim High if it is not the Element lab report that Spectrum Labs expressly references in their pleadings as well as subsequent disclosures.

To the extent that the Court finds that Spectrum Labs' multiple disclosures of the Element lab test as express support for its claims of patent infringement against Aim High do not constitute express waiver, the circumstances are certainly exceptional enough to justify, as a matter of fairness, allowing Aim High to seek discovery from Element on the test results which have been clearly disclosed and relied upon.

FisherBroyles, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

10

FisherBroyles, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

At the end of the day, Spectrum Labs wants to have its cake and eat it to – it wants to rely upon the Element lab test as a basis, under Rule 11, to claim patent infringement by Aim High, but also wants to prevent Aim High from pursuing any discovery in connection with such lab test under the guise that such discovery reflects non-testifying expert information.[2]  "The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword . . . .  In practical terms, this means that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials. The party asserting the claim is said to have implicitly waived the privilege." *See Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). Spectrum relied upon the Element report as its sword in asserting patent infringement and cannot now rely upon privilege as a shield to prevent Aim High from pursuing relevant discovery into such report.

If Spectrum Labs does not wish to stand behind the Element lab report to support its patent infringement allegations, it should acknowledge that it had no good faith basis to support its claims of patent infringement when it filed its Counterclaim against Aim High.  On the other hand, if Spectrum Labs chooses to stand behind the Element lab test as its good faith basis to support claims of patent infringement when it filed its Counterclaim against Aim High, preventing Plaintiff from pursuing

---

[2] Spectrum Labs has even publicized its reliance of the Element lab report (and the S&N lab report) on its own website (https://urineluck.com/x-stream-and-quick-fix-lawsuit) as well as in unsolicited communications to third-party wholesale purchasers of laboratory made urine products by publicly proclaiming that "two different laboratories have confirmed the presence of at least one of the biocides covered by Spectrum's" patents" in support of Spectrum's position that Plaintiff's *XStream* product infringes Spectrum's patents. (Gile Decl. at ¶7). S*ee* **Exhibit 8** attached hereto.

discovery in connection with such lab test goes against fundamental fairness in the litigation process and encourages patent holders to  go on litigation fishing expeditions based on a questionable report of patent infringement but ultimately do not need to actually stand behind such a report thereby preventing an alleged infringing party from investigating the good faith basis upon which the claims of patent infringement were originally brought.   Investigating the veracity and credibility of the good faith basis of Spectrum Labs' patent claims is highly relevant not just with respect to the claims and defenses in this case, but are also highly relevant to the issue of whether this case is an exceptional one meriting the awarding of attorneys' fees against Spectrum Labs for alleging patent infringement without a good faith basis.

## V.    CONCLUSION

Based upon the foregoing, Aim High respectfully requests that the Magistrate Judge's Order be reversed, in part, and that the Court issue an order compelling a response to request Nos. 1 – 5 of its subpoena duces tecum served upon Element seeking documents, communications, and information relied upon by Element relating to the Element Job No. 249067 in which Element conducted laboratory testing of the *XStream* product at issue in the Nevada Action.

Dated: November 3, 2022

Respectfully Submitted,

**FISHERBROYLES, LLP**

*/s/ Rob L. Phillips*

Rob L. Phillips, Esq., SBN 175354

FISHERBROYLES, LLP
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239

12

145 South Fairfax, Floor 2
Los Angeles, CA 90036
Tel. (702) 518-1239
rob.phillips@fisherbroyles.com

**GILE LAW GROUP, LTD.**

*/s/ Ryan Gile*
Ryan Gile, Esq., SBN 192802
1180 N. Town Center Drive, Suite 100
Las Vegas, Nevada 89144
Tel. (702) 703-7288
rg@gilelawgroup.com

*Attorney for Plaintiff/Counter-Defendant*
*Aim High Investment Group, LLC*

13

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, I served a full, true and correct copy of the foregoing **PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM (ECF NO. 20)** via email on the following parties:

NICHOLAS J. SANTORO, ESQ.
JASON D. SMITH, ESQ.
SANTORO WHITMIRE
10100 W. Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Tel.: (702) 948-8771 / Fax: (702) 948-8773
email: nsantoro@santoronevada.com; jsmith@santoronevada.com

DAVID B. CUPAR, ESQ.
(Pro Hac Vice application forthcoming)
MATTHEW J. CAVANAGH, ESQ.
(Pro Hac Vice application forthcoming)
MCDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Tel.: (216) 348-5730; Fax: (216) 348-5474
email: dcupar@mcdonaldhopkins.com; mcavanagh@mcdonaldhopkins.com

*/s/ Rob L. Phillips*
Employee, FisherBroyles, LLP

I hereby certify that on November 3, 2022, I served a full, true and correct copy of the foregoing **PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM** via first class mail on the following parties:

Element Santa Fe Springs
9240 Santa Fe Springs Road
Santa Fe, CA 90670

S&N Labs
2021 E. Fourth Street, Suite 112
Santa Ana, CA 92705

*/s/ Rob L. Phillips*
Employee, FisherBroyles, LLP

14

**FisherBroyles, LLP**
145 South Fairfax, Floor 2
Los Angeles, CA 90036
Telephone: (702) 518-1239