CARL I. S. MUELLER (SBN 294909)
PATRICK M. MALONEY (SBN 197844)
THE MALONEY FIRM, APC
2381 Rosecrans Ave., Suite 405
El Segundo, California 90245
Telephone: (310) 540-1505
Facsimile: (310) 540-1507
cmueller@maloneyfirm.com
pmaloney@maloneyfirm.com

MATTHEW J. CAVANAGH (Admitted *Pro Hac Vice*)
McDONALD HOPKINS LLC
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5730
Facsimile: (216) 348-5474
mcavanagh@mcdonaldhopkins.com

Attorneys for Defendant
SPECTRUM LABORATORIES, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

AIM HIGH INVESTMENT GROUP, LLC,

Plaintiff/Counter-Defendant,

Vs.

SPECTRUM LABORATORIES, LLC,

Defendant/Counter-Claimant.

Case No. 8:22-mc-00011-DOC-ADS

Assigned to Judge David O. Carter **and** Magistrate Judge Autumn D. Spaeth

**SPECTRUM'S RESPONSE TO PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM**

**(ECF No. 20)[1]**

[1] Although Aim High captions its filing as an "Objection," it is actually a Motion for Review of Nondispositive Ruling under L.R. 72-2.1.

# TABLE OF CONTENTS


**I. Background** .......... 1

**II. Law.** .......... 1

**III. The Court should overrule Aim High's objections and deny its motion** .......... 2

- **A. The clearly erroneous standard applies** .......... 2
- **B. The Court should reject Aim High's "exceptional circumstances" objection** .......... 2
- **C. The Court should reject Aim High's "erroneously overlooked" objection** .......... 3
  - **1. Aim High never raised its new counterclaim argument, and thus cannot object on that basis** .......... 3
  - **2. Aim High shows no clear error regarding Spectrum's initial disclosures** .......... 4
    - **a. Aim High always relied on the pre-suit disclosures as the alleged waiver event** .......... 4
    - **b. The Magistrate Judge committed no clear error concerning the initial disclosure evidence** .......... 7

**IV. The Court should deny Aim High's motion and, if not, then it should remand for the Magistrate Judge to decide Element's undue-burden objection** .......... 9

**V. Conclusion** .......... 10

## TABLE OF AUTHORITIES


*Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, No. 17-cv-01515-KJM-AC, 2022 WL 4664179, at *6 n.3 (E.D. Cal. Sept. 30, 2022)........8

*Blankenship v. Fox News Network, LLC*, No. 2:19-cv-00236, 2021 WL 3706683, at *5 (S.D.W.V. Aug. 20, 2021) ........1

*Certain Underwriters at Lloyd's London Subscribing to Policy No. BO 823PP1308460 v. Andvanfort Co.*, No. 1:18-cv-1421, 2019 WL 7816852, at *2 n.4 (E.D. Va. Nov. 13, 2019)........1

*Conant v. McCoffey*, No. C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)........ 2

*Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602 (1993)........ 1

*Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010)........ 1

*Davis v. Carmel Clay Schools*, No. 1:11-cv-00771, 2013 WL 2159476, at *7 (S.D. Ind. May 17, 2013)........ 9

*Hightower v. JP Morgan Chase*, No. 11-1802, 2012 WL 12878312, at *2 (C.D. Cal. Sept. 28, 2012)........ 2, 4

*Jones v. Sweeney*, No. 04-cv-6214, 2008 WL 38921111, at *2 (E.D. Cal. Aug. 21, 2008)........ 4

*Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936 n.8 (4th Cir. 1980)........ 8

*Stoyas v. Toshiba Corp.*, No. 2:15-cv-04194, 2022 WL 3030523, at *2 (C.D. Cal. July 29, 2022)........1, 4


STATUTES


Fed. Civ. R. 26(b)(4)(D). ........9

Fed. Civ. R. 26 (b)(4)(D)(ii)........2

Fed. Civ. R. 72(a)........1

The Court should deny Plaintiff Aim High Investment Group, LLC's motion and overrule its objection for the reasons explained below.

## I. Background

The Magistrate Judge correctly stated the relevant facts in the "Background" section of her Order (Order 1-3, ECF #20); so Spectrum will not repeat them here.

The Magistrate Judge correctly ruled that Spectrum's disclosure of chemical test results during pre-suit settlement discussions did not waive work-product protection for undisclosed work-product records related to those tests. (ECF #20.) Aim High's objections are incorrect and fall well short of meeting the extraordinarily high burden to show clear error.

## II. Law

Under Fed. Civ. R. 72(a), a District Judge may only set aside "part of the [Magistrate Judge's] order that is clearly erroneous or is contrary to law." Fed. Civ. R. 72(a).

The burden to overcome a Magistrate Judge's non-dispositive discovery ruling is an "astronomically high burden." *Blankenship v. Fox News Network, LLC*, No. 2:19-cv-00236, 2021 WL 3706683, at *5 (S.D.W.V. Aug. 20, 2021) (quoting *Certain Underwriters at Lloyd's London Subscribing to Policy No. BO 823PP1308460 v. Andvanfort Co.*, No. 1:18-cv-1421, 2019 WL 7816852, at *2 n.4 (E.D. Va. Nov. 13, 2019)).

"The clearly erroneous standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Stoyas v. Toshiba Corp.*, No. 2:15-cv-04194, 2022 WL 3030523, at *2 (C.D. Cal. July 29, 2022) (quoting *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 971 (C.D. Cal. 2010)). "The clearly erroneous standard is 'significantly deferential, requiring "a definite and firm conviction that a mistake has been committed."'" *Stoyas*, 2022 WL 3030523, at *2 (quoting *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993)).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, No. C 97-0139, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998).

## III. **The Court should overrule Aim High's objections and deny its motion.**

### A. The clearly erroneous standard applies.

Aim High objects by arguing that (i) the Magistrate Judge clearly erred by finding that "the parties [do not] dispute that Aim High has failed to establish that exceptional circumstances exist" to overcome work-product; and (ii) the Magistrate Judge "erroneously overlooked" that Spectrum waived work-product when it cited the Element report in its counterclaim and initial disclosures. (Objection 7-8, ECF #24.)

Both of these objections are subject to the clearly erroneous standard because Aim High argues fact-based errors: it argues that the Magistrate Judge "overlooked" facts and did not give them the dispositive weight that Aim High now contends that they carried. *See Hightower v. JP Morgan Chase*, No. 11-1802, 2012 WL 12878312, at *2 (C.D. Cal. Sept. 28, 2012) (applying "clearly erroneous" standard).

Aim High does not argue that the Magistrate Judge applied an incorrect legal standard or misinterpreted a statute or caselaw. Thus, the contrary-to-law standard is not in play, and Aim High would fail to meet that standard if it were.

### B. The Court should reject Aim High's "exceptional circumstances" objection.

Aim High never once argued that "exceptional circumstances" exist to overcome work-product protection under Fed. Civ. R. 26 (b)(4)(D)(ii). Aim High chose instead to rest its entire work-product challenge on its waiver argument. (*See* Motion to Compel 10, ECF #1.) Aim High's motion did not mention exceptional circumstances, let alone argue they exist. (*See id.* 1-12.) Spectrum's opposition ***twice*** noted that Aim High did not argue exceptional circumstances, and Spectrum explained how there were no extraordinary circumstances if Aim High had argued

them. (*See* Spectrum Opp. 1 ("... Aim High does not argue any exceptional circumstances exist ..."), 14 ("Lastly, Aim High does not even attempt to show 'exceptional circumstances' ...".) Then, Aim High's reply brief and oral argument did not mention exceptional circumstances, and ignored Spectrum's opposition arguments about them. (Reply, ECF #10; Transcript, ECF #22.) Far from clear error, the Magistrate was correct to conclude that the parties do not dispute that exceptional circumstances do not exist. The Court should reject that objection accordingly.

**C. The Court should reject Aim High's "erroneously overlooked" objection.**

Aim High's objection that the Magistrate Judge "erroneously overlooked" Spectrum's reference to the Element report in its counterclaim and initial disclosures should be overruled. (Objection 8, ECF #24.)

**1. Aim High never raised its new counterclaim argument, and thus cannot object on that basis.**

As to Spectrum's counterclaim's reference to the Element report in the Nevada Action, Aim High **never once** referenced the counterclaim in its arguments to the Magistrate Judge here, let alone argued—as it does now—that it was a dispositive basis to find waiver. Aim High did not raise the counterclaim in its opening brief, reply brief, or at oral argument. (*See* Motion, ECF #1; Reply, ECF #10; Transcript, ECF #22.)[2] The fact that Aim High has filed the counterclaim with its objections (*see* ECF #24-2) further proves that it had not previously relied on the counterclaim as evidence before the Magistrate Judge.

The counterclaim cannot be new evidence because it was filed in the Nevada Action on March 14, 2022 (ECF #24-2), and thus was available to Aim High four months before it filed its motion to compel on July 20, 2022 (ECF #1). It cannot be clearly erroneous for a Magistrate Judge to not consider what was not put before her.

---

[2] To confirm this fact, Spectrum's counsel performed a Control-F search for "counterclaim" in each of those PDFs and there were no hits on that word.

It is an illogical and unfair criticism of the Magistrate Judge for Aim High to contend otherwise. This Court and others have repeatedly held that a party cannot raise new arguments or new evidence that were previously available on objections to a Magistrate Judge's non-dispositive discovery ruling. *See, e.g., Stoyas*, 2022 WL 3030523, at *2 ("Because Plaintiffs raise their waiver argument for the first time on their motion for review, the court cannot grant the motion on this basis."); *Hightower*, 2012 WL 12878312, at *2, 3 ("Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief.") (quoting *Jones v. Sweeney*, No. 04-cv-6214, 2008 WL 38921111, at *2 (E.D. Cal. Aug. 21, 2008)).

In *Hightower*, this Court specifically rejected a party's attempt to use the District Judge review process as a second bite at the apple to try out new arguments and evidence, after losing on its original arguments to the Magistrate Judge. This Court should reject Aim High's attempt to do the same thing here. Like the defendant in *Hightower*, Aim High also makes no attempt to justify presenting this new evidence. Instead, Aim High pretends that it offered the counterclaim evidence previously by falsely accusing the Magistrate Judge of "clearly" and "erroneously" overlooking the counterclaim.

Because Aim High never raised the counterclaim evidence, and provides no justification for raising it now, the Court should overrule that objection.

**2. Aim High shows no clear error regarding Spectrum's initial disclosures.**

**a. Aim High always relied on the pre-suit disclosures as the alleged waiver event.**

As to Spectrum's initial disclosures in the Nevada Action, Aim High uses revisionist history by pretending that it relied on Spectrum's initial disclosures (and counterclaim) references to the Element report as ***the*** basis for its waiver argument before the Magistrate Judge, and not the pre-suit disclosures that it actually relied

upon. It argues now:

> The Magistrate Judge's decision clearly focused on the fact that the Element lab report was evidence produced "during pre-litigation discussions" — and clearly overlooked that with respect to the Element lab report, Spectrum Labs expressly relied upon such report as a basis for its claim of patent infringement — both in Spectrum Labs' counterclaims as well as its initial disclosures submitted in the Nevada Action.

(Obj. 9.) The simple reason that the Magistrate Judge "focused" on the pre-litigation disclosures is because that's what Aim High's motion focused on**. (***See infra* p.8- 9.)

Aim High then makes the astonishing statement—which directly contradicts its moving papers before the Magistrate Judge—that Spectrum's waiver "did not" occur with the pre-litigation disclosures, but instead occurred later when Spectrum cited the Element report in its initial disclosures (and counterclaim). It states:

> Spectrum Labs did ***not*** waive its privilege over the Element report during pre-litigation discussions; rather, it clearly waived the privileged when it later in the Nevada action expressly cited the Element report ... in Spectrum Labs' Counterclaim ... [and] initial disclosures.

(Obj. 9 (emphasis added).) This is a bold misstatement of what Aim High actually argued to the Magistrate Judge, and its court filings speak for themselves to prove this is false.

Aim High indisputably argued, as its waiver argument, that Spectrum's pre-litigation disclosures constituted a waiver; it never mentioned Spectrum's counterclaim, let alone relied upon it; and although it mentioned the initial disclosures, it did so only in conclusory fashion and only to buttress its argument that the pre-litigation disclosures were a waiver. (*See infra* p. 8.) Here are the quotes to prove it:

"There is no dispute that ... Spectrum voluntarily disclosed the laboratory test results ... thereby putting the[m] ... at issue and accordingly, rendering them subject to discovery." (Memo. In Support 8, ECF #1.)

"And as noted, Spectrum voluntarily disclosed both Element's and S & N's laboratory test results to Plaintiff's counsel as evidence of Plaintiff's alleged patent infringement, thereby putting the[m] ... into issue and, accordingly, waiving any protections ..." (Obj. 10, ECF #1.)

"There continues to be no dispute that Spectrum voluntarily disclosed the subject laboratory test results during its pre-litigation saber rattling over alleged patent infringement." (Reply 3, ECF #10.)

"Spectrum's voluntary disclosure of Element's and S & N's test results put their opinions, documents, communications, and information at issue and rendered them subject to discovery ..." (Reply 3, ECF #10.)

"There is no dispute ... that Spectrum voluntarily disclosed the laboratory test results from both Element and S&N to Plaintiff's counsel." (Reply 6, ECF #10.)

The only "disclosures" that occurred, and the only ones that Aim High describes in its briefing before the Magistrate Judge, were the pre-suit disclosures. There were no "disclosures" after litigation commenced because Spectrum already had disclosed them. Spectrum's *references* to the Element test in its counterclaim and initial disclosures were not "disclosures," but mere references, and Aim High did not describe those references as "disclosures" before the Magistrate Judge. Moreover, the S&N test that Aim High argued was "disclosed" was never referenced in the initial disclosures or counterclaim. So Aim High's references to "disclosures" were always references to the pre-suit disclosures and not to Spectrum later identifying the Element test in its initial disclosures.

While Aim High mentioned Spectrum's initial disclosures in its arguments to the Magistrate Judge, they were never the thrust of Aim High's argument, and it never developed any argument around them. Instead, Aim High stated matter-of-factly the same sentence three times: "Spectrum listed the Element report on its initial disclosures." (Obj. 5, 8, 10.) Those sentences were made to try and buttress its argument that the prior pre-suit disclosure was a waiver, not as a separate basis for waiver, let alone a dispositive one. (*Id.*) Indeed, although Element's opposition explained why the initial disclosures did not help Aim High's waiver argument (Opp. 12-14, ECF #6), Aim High did not mention the initial disclosures or respond to those arguments in its reply brief against Element Labs. (*See* Reply, ECF #10.)

As to the reply brief against S&N Labs, Aim High actually downplayed the importance of the initial disclosures and argued they did not matter. Aim High

argued the fact that S&N's test was not referenced in the initial disclosures "does not change the fact that Spectrum has relied upon such testing" during pre-suit settlement discussions.[3] (Reply re S&N Labs 3, ECF #11.) So, again, Aim High relied on the pre-suit disclosures as the waiver event—which is different from what it argues here.

At oral argument—where presumably one makes its *best* arguments—Aim High's counsel relied on the pre-suit disclosures as the alleged waiver and did not mention, let alone rely upon, references to the Element report in Spectrum's counterclaim and initial disclosures. Aim High's counsel argued: "”So part of what was disclosed voluntarily by Defendant were reports that these two labs had done." (Tr. 3:13-14); "Based on that disclosure [reference to pre-suit disclosure], we subpoeaned the two labs looking for additional documents." (Tr. 3:20-21.); "... I would just simply say that the document were disclosed voluntarily." (Tr. 10:21-22.); "... they disclosed these reports ..." (Tr. 11:6.) "But they find themselves in this position because they voluntarily produced these reports ..." (Tr. 11:9-10).

**b. The Magistrate Judge committed no clear error concerning the initial disclosure evidence.**

The fact that Aim High resorts to misstating the theories that it argued to the Magistrate Judge to try and manufacture grounds for an objection exposes its objection as meritless. Because Aim High argued that the pre-suit disclosures constituted the waiver, it was not clearly erroneous for the Magistrate Judge to address that argument as presented by Aim High.

The fact that the Magistrate Judge's order did not explicitly address the initial disclosures does not mean they were not considered or "overlooked." The initial disclosure evidence simply was not convincing, did not overcome work-product protection—let alone dispositively overcome work product—and did not require

[3] Spectrum never referenced the S&N test in litigation, so Aim High again was referring to the pre-suit disclosure.

discussion in the order.[4] Indeed, Aim High knew it was not strong evidence because it did not think the initial disclosures merited more than a few mentions in its motion, and it did not raise them at oral argument. There's no requirement that a Magistrate Judge explicitly address every piece of evidence cited by a party, especially when the party itself does not rely heavily on it and only cites it as buttressing its principal argument and evidence. *See Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc.*, No. 17-cv-01515-KJM-AC, 2022 WL 4664179, at *6 n.3 (E.D. Cal. Sept. 30, 2022) (rejecting challenge that Magistrate Judge overlooked argument by not explicitly addressing it because "the argument may be deemed to have been considered, but to have been found insufficient in merit; it is not necessarily to be concluded that it must have been totally ignored") (quoting *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980)).

In the end, the Magistrate Judge's finding of a waiver in light of the initial disclosure evidence is not clearly erroneous. As Spectrum's opposition brief explained, the initial disclosures merely cited the Element report as a document that it "may" rely upon. (*See* Opp. 12-14, ECF #6.) Thus, it was not an assertion that Spectrum <u>would</u> use that test to prove infringement at summary judgment or trial. Rather, it was merely Spectrum reserving its rights to rely on it if needed at the expert phase. (*Id.*) Again, Spectrum has until the March 20, 2023 expert deadline to decide whether it will rely on Element's testing to prove infringement. (*Id.*) Spectrum may not need Element testing at all based on fact discovery obtained from Aim High or its supplier, or Spectrum may decide to use a different expert based on different testing based on the needs of the case at that time. (*Id.*)

Unless and until Element is designated as an expert and produces a report, Element is a non-testifying expert and exempt from discovery under Fed. Civ. R.

---

[4] Again, Spectrum's opposition explained why the initial disclosures' reference to the Element report did not help Aim High's waiver argument (Opp. 12-14, ECF #6), and Aim High did not address or reply to these arguments in its reply brief (Reply re Element, ECF #10).

26(b)(4)(D). *See Davis v. Carmel Clay Schools*, No. 1:11-cv-00771, 2013 WL 2159476, at *7 (S.D. Ind. May 17, 2013) (quashing subpoena to expert because "both the disclosure of the name of the expert as well as the expert's report is necessary" to lose non-testifying expert protection under Fed. Civ. R. 26(b)(4)(D)). To the extent there was any confusion on this point, Spectrum and Element clarified it with their counsel's June 13, 2022 email to Aim High. (6/13/22 email, filed as ECF #6-1 at PageID #396.) There, he stated that (a) Spectrum has not yet selected the Element testing to prove infringement at summary judgment or trial, and (b) if Spectrum does select Element to prove infringement, on or before that deadline, it will produce what Aim High is entitled to from testifying experts under Rule 26. (*Id.*) Thus, there is no unfairness to Aim High, and it was not clear error for the Magistrate Judge to treat Element as a non-testifying expert and find no waiver.

## IV. The Court should deny Aim High's motion and, if not, then it should remand for the Magistrate Judge to decide Element's undue-burden objection.

Aim High's motion urges the Court to issue an "order compelling a response to request Nos. 1-5" by Element Labs. (Objection 12, ECF #24.) If the Court finds the Magistrate Judge clearly erred—and it should not do so for the reasons explained above—it should remand to the Magistrate Judge. This is because the Magistrate Judge never considered Element's argument that Aim High failed to take reasonable steps to avoid imposing an undue burden upon Element because Aim High refused to compensate Element for the lost revenue that it would incur searching for documents responsive to the subpoena. (*See* Spectrum Opp. 15-16, ECF #6.) That issue became moot when the Magistrate Judge denied the motion to compel. Thus, if the Court were to sustain any Aim High objection based on clear error—and it should not do so—it should remand for the Magistrate Judge to consider the undue burden issue.

///

///

## V. Conclusion

For these reasons, the Court should overrule Aim High's objections and deny its motion.

Dated: November 14, 2022

**THE MALONEY FIRM, APC**

**CARL I.S. MUELLER**
**PATRICK M. MALONEY**

**AND**

**McDONALD HOPKINS LLC**
**MATTHEW J. CAVANAGH, ESQ.**
**(Admitted *pro hac vice* )**

By: */S/ MATTHEW J. CAVANAGH*

MATTHEW J. CAVANAGH, ESQ.
(ADMITTED *pro hac vice* )

Attorneys for Defendant/Counter-Claimant SPECTRUM LABORATORIES, LLC, an Ohio limited liability company

THE MALONEY FIRM, APC
2381 ROSECRANS AVENUE, SUITE 405
EL SEGUNDO, CALIFORNIA 90245
T: (310) 540-1505 | F: (310) 540-1507

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2022, I electronically filed the **SPECTRUM'S RESPONSE TO PLAINTIFF'S OBJECTION TO ORDER DENYING MOTION TO COMPEL RESPONSES TO SUBPOENAS DUCES TECUM (ECF No. 20)** with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

/s/ Leticia G. Larios
Leticia G. Larios, Employee At
THE MALONEY FIRM APC

ROB PHILLIPS, ESQ.
California Bar No. 175254
Fisher Broyles, LLP
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
Tel. (702) 518-1239
rob.phillips@fisherbroyles.com

Ryan Gile, Esq
California Bar No. 192802
GILE LAW GROUP, LTD.
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288
rg@gilelawgroup.com

Attorneys for Plaintiff/Counter-Defendant Aim High Investment Group, LLC